UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re: Case Number: 15-10857-7

RUTH ANN HINZMANN,

Debtor.

---

MICHAEL E. KEPLER, TRUSTEE,

Plaintiff,

v. Adversary Number: 16-77

ESTATE OF SHIRLEY A. MAIERS,
THOMAS P. MAIERS, EXECUTOR,

Defendant.

---

**DECISION**

The Debtor, Ruth Hinzmann, filed a voluntary Chapter 7 on March 12, 2015. She scheduled her mother, Shirley A. Maiers ("Maiers"), as an unsecured creditor. Maiers did not object to the Debtor's discharge. On June 17, 2015, the Debtor received a discharge. Maiers died on July 20, 2015. The Debtor is a beneficiary of the estate entitled to receive a one-sixth (1/6th) distribution.

The Plaintiff, Chapter 7 Trustee Michael Kepler, filed an adversary complaint seeking: (1) a determination that the Debtor's right to an inheritance under Maiers' probate estate is property of the bankruptcy estate; (2) a determination that the bankruptcy estate is entitled to the Debtor's beneficiary interest in Maiers' probate estate; (3) an Order requiring the Defendant, Thomas P. Maiers as Executor of the Estate of Shirley A. Maiers, to turn over to

the bankruptcy estate Debtor's beneficiary interest; and (4) a judgment against Maiers' probate estate for all taxable costs and disbursements.

In lieu of filing an answer, on October 11, 2016, the Defendant moved the Court for a change of venue pursuant to 28 U.S.C. § 1412. The Plaintiff objects. For the reasons described below, the Defendant's Motion for a Change of Venue is denied.

**Statement of Facts**

At a telephonic hearing on November 10, 2016, the Court inquired of counsel if there were any material facts in dispute. Plaintiff's counsel informed the Court there was no dispute. The Court was without the benefit of either the Court-ordered joint pretrial statement or an answer to the complaint. Thus, the Court then asked Defendant's counsel a series of question establishing the following facts.

The Maiers claim as an unsecured creditor was for a personal loan in the amount of $47,365. It appears this amount is undisputed. This Court entered a Discharge Order in Hinzmann's bankruptcy. The Maiers claim was not excepted from the discharge under applicable bankruptcy law. On the date of death, the debt from the Debtor to Maiers had been legally discharged.

This case will ultimately hinge upon a question of law, and that is whether Iowa Code § 633.471 can preempt the effect of a discharge in bankruptcy such that Iowa law permits a setoff of the discharged debt against the Debtor's beneficiary interest in the Maiers Estate.

**Jurisdiction**

Section 1334(a) of title 28 provides that federal district courts have both "original and exclusive jurisdiction" of all cases under title 11 of the United States Code. In addition, federal district courts also have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, district courts may refer such cases to the bankruptcy judges for their respective districts. 28 U.S.C. § 157(a). In compliance with section 157(a), the District Court for the Western District of Wisconsin has referred all of its bankruptcy cases to the Bankruptcy Court for the Western District of Wisconsin. W.D. of Wis. Admin. Order 161 (July 12, 1984).

As applicable here, section 1334(e) states the "court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—

> (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate . . . ."

28 U.S.C. § 1334(e)(1). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (E).

**Discussion**

In general, section 1409 of title 28 governs venue for civil proceedings that arise under, arise in, or are related to the title 11 case. Section 1409(a) provides, "[e]xcept as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which the case is pending."

The only exceptions to this general venue rule of section 1409(a) are contained in 28 U.S.C. §§ 1409 (b), (c), (d), and (e). Based on the facts confirmed by counsel, the exceptions are not applicable in this case.

The Trustee seeks a Court Order against the Executor of the Shirley A. Maiers Estate to turn over property of the bankruptcy estate under 11 U.S.C. § 541(a)(5). Orders to turn over property of the bankruptcy estate are core proceedings as that term is defined under 28 U.S.C. § 157(b)(2)(E). Accordingly, this is a core proceeding in a bankruptcy case filed in the Bankruptcy Court for the Western District of Wisconsin by Debtor Ruth A. Hinzmann, Case No. 15-10857. The Trustee raises his claim in this adversary proceeding under title 11 of the Code. The estimated amount the Trustee seeks to have turned over to the bankruptcy estate is approximately $59,500. Thus, venue is proper pursuant to 28 U.S.C. § 1409.

Further, 11 U.S.C. § 1334(e) provides that the district in which the bankruptcy case was commenced has exclusive jurisdiction of all property of the estate wherever located. The Defendant disputes the Debtor's beneficiary interest in Maiers' probate estate is property of the bankruptcy estate. However, by operation of section 541(a)(5) of title 11, the Debtor's beneficiary interest in Maiers' probate estate is property of the bankruptcy estate. Under section 541(a)(5), a bankruptcy estate is comprised of "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date

by bequest, devise, or inheritance." 11 U.S.C. § 541(a)(5). Debtor filed her Chapter 7 petition on March 12, 2015, and Maiers died on July 20, 2015. Consequently, Debtor acquired or became entitled to an inheritance well within section 541(a)(5)'s time limit. Thus, Debtor's beneficiary interest in Maiers' probate estate, whatever the amount, is property of the bankruptcy estate. This adversary proceeding seeks a turnover of that inheritance as bankruptcy estate property. This constitutes an additional basis to establish venue in the Western District of Wisconsin.

Finding venue proper under section 1409, consideration of the Defendant's Motion to Change Venue turns on the Court's discretionary powers under 28 U.S.C. § 1412. Section 1412 governs a change of venue, and provides as follows:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412. Section 1412 provides courts with discretion to transfer venue through two avenues: (1) in the interest of justice, and (2) for the convenience of the parties.

The burden rests on the moving party to demonstrate by a preponderance of the evidence that a change of venue is warranted. *In re Peachtree Lane Assocs., Ltd.*, 150 F.3d 788, 792 (7th Cir. 1998); *see also Zazzali v. 1031 Exch. Group (In re DBSI, Inc.)*, 478 B.R. 192, 194 (Bankr. D. Del. 2012).

In determining whether to change venue in the "interest of justice," bankruptcy courts have weighed whether:

(1) The transfer would promote the economic and efficient administration of the bankruptcy estate;

(2) The interests of judicial economy would be served by the transfer;

(3) The parties would be able to receive a fair hearing in each of the possible venues;

(4) Either forum has an interest in having the controversy decided within its borders;

(5) The enforcement of any judgment would be affected by the transfer; and

(6) The plaintiff's original choice of forum should be disturbed.

*In re Palmer Lake Plaza, LLC*, 470 B.R. 511, 515 (Bankr. W.D. Wis. 2012) (*citing In re Dunmore Homes, Inc.,* 380 B.R. 663, 671-72 (Bankr. S.D.N.Y. 2008)).

Similarly, bankruptcy courts consider the following factors in determining whether to transfer a case to a different venue for "the convenience of the parties":

(1) The proximity to the Bankruptcy Court of assets, creditors, debtors, its principals, evidence and witnesses of creditors of every kind to the court;

(2) The willingness or abilities of parties, debtor and creditor alike, to participate in the case or in the adversary proceedings;

(3) The economical and efficient administration of the estate;

(4) The availability of compulsory process for attendance of unwilling witnesses;

(5) The applicability of state law to the case, and adversary proceedings;

(6) The intertwined relationships of the debtors;

(7) The necessity for ancillary administration; and

(8) A local interest in having a localized controversy decided at home.

*In re Toxic Control Technologies, Inc.*, 84 B.R. 140, 143 (Bankr. N.D. Ind. 1988) (*citing In re Waits*, 70 B.R. 591, 594-95 (Bankr. S.D.N.Y. 1987)).

Fundamentally, the Defendant's motion is premised on an argument of convenience. The parties agree there is no intertwined relationship of debtors at issue, nor is there a need for ancillary administration. Rather, the Defendant asserts the Bankruptcy Court in the Northern District of Iowa is marginally closer to the Defendant and thus would be a shorter drive for him. It is a well-established principle that a plaintiff's choice of forum "'should not be lightly disturbed.'" *Zazzali*, 478 B.R. at 195; *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Conversely, a defendant's choice of forum is given less consideration than the plaintiff's, unless there are other factors that "substantially" favor the transfer. *OCB Rest. Co., LLC v. Vlahakis (In re Buffets Holdings, Inc.)*, 397 B.R. 725, 728 (Bankr. D. Del. 2008).

Here, the Trustee has decided to bring this action in the Western District of Wisconsin where Hinzmann initially filed her bankruptcy petition, and received a discharge. Similarly, as described below, the Defendant does not point to other factors that substantially weigh in favor of transferring the case. Accordingly, the Trustee's choice of forum weighs heavily against transferring the case to the Northern District of Iowa.

Further, the Defendant argues that one or more unidentified witnesses are in Iowa and could not be compelled to travel to Wisconsin for an evidentiary

hearing should that become necessary, and that the application of a provision of Iowa law is at issue in the adversary. The Defendant's final argument for change of venue is the suggestion that the only party with an interest in the outcome other than the Trustee is the Defendant and, therefore, this factor somehow favors change of venue.

**(1) Proximity to the Court of assets, creditors, debtors, and witnesses**

This factor looks at the relative physical location of the parties. While the Defendant may suggest that the "only creditor of interest" is the Maiers Estate, this is not entirely accurate. There are 36 unsecured creditors. Although the personal representative of the Estate is the only named defendant in this adversary, that does not mean there are no other parties interested in the outcome of this case. To the contrary, all of the creditors will be interested in the ultimate disposition because it will determine funds available for distribution. The Defendant also argues that because the Maiers Estate is pending in Iowa, the assets of the bankruptcy estate are closer to the Northern District of Iowa than the Western District of Wisconsin. However, for all intents and purposes the Maiers Estate has been liquidated and should this Court require the Executor to turn over Hinzmann's share to the Trustee, all the Executor would have to do is issue a check. This factor also implicates the question of collection should the Plaintiff prevail. This factor also does not weigh in favor of either party. The Court has no reason to believe that a judgment in either jurisdiction would not be given full faith and credit. *See, e.g., OCB Rest. Co.*, 397 B.R. at 729.

With respect to witnesses, no potential witnesses (other than perhaps the personal representative) have been identified by the Defendant. While travel time for him may be slightly longer to the Western District of Wisconsin than to the Northern District of Iowa, he would have to travel to either venue. The travel time for the Trustee would be significantly greater to the Northern District of Iowa than would be the personal representative's travel time to this district. Further, there is no evidence of any actual required witnesses; the issue appears to be a matter of law.[1] In the unlikely event there are facts to be presented at an evidentiary hearing, the testimony of witnesses who are unwilling to travel to Wisconsin could certainly be presented in the form of trial depositions. Thus, proximity does not weigh in favor of the Defendant.

**(2) Willingness or abilities of parties, debtor and creditor alike, to participate in the case or in the adversary proceedings**

As the Defendant notes, this adversary proceeding really only involves two parties for the purposes of a decision—Trustee Kepler and Thomas P. Maiers as Executor of the Shirley A. Maiers Estate. Both parties state an unwillingness to travel out of their respective states to litigate whether the Executor must turn over Hinzmann's beneficiary interest in the Shirley A. Maiers Estate to the Trustee.

The Trustee's principal place of business is located in Madison, Wisconsin. The Defendant states he would save one hour of drive time if the matter was litigated in the Northern District of Iowa. The change of venue,

[1] The dates of the bankruptcy, the amount owed to Maiers, the date of the discharge, and the date of Maiers' death are all undisputed.

however, would require the Trustee to travel at least 2 hours and 45 minutes to appear. If the Court transferred the case, the onus and cost burden would clearly be heavier on the Trustee. As discussed above, it does not appear there are material issues of fact in dispute that would require an in-person hearing were the matter retained in this venue. Rather, the parties could submit the matter on briefs or a hearing could likely be conducted by phone at which the parties could present argument. Therefore, this factor weighs in favor of denying the motion.

**(3) The economical and efficient administration of the estate**

This factor supports denial of the motion. The Trustee would be required to obtain Iowa counsel to handle the case. The Trustee may, in addition, be required to travel to Iowa if venue were transferred. This increases the cost of administration of the estate. The Defendant has not addressed this point.

**(4) The availability of compulsory process for attendance of unwilling witnesses**

As the Defendant notes, potential witnesses[2] in this case hail from Iowa. The Court is limited in its ability to compel such a witness to a hearing in Wisconsin. However, based on the Court's inquiry of the Defendant's counsel at the telephonic hearing on November 10, 2016, there do not appear to be any material factual issues in dispute. An absence of disputed material facts likely obviates the need for witnesses in this matter. The Court further finds the Defendant's statements on this point to be vague and unpersuasive. The

[2] No such witnesses other than the personal representative have been identified, nor have any material issues of fact been disclosed.

Defendant does not identify any of these potential witnesses or the subject of their testimony, and says only that "some" witnesses may be unwilling to testify in Wisconsin. "Some" could mean anything. Additionally, the Defendant's anticipation of the potential witnesses being unwilling to testify is not sufficient evidence that key witnesses will be unavailable. In any event, wherever the trial is held, witnesses could appear by way of deposition transcripts. Because movant has not carried its evidentiary burden on this factor, this factor is neutral.

**(5) Applicability of state law**

The Defendant asserts applicability of state law is the most important factor in this Court's analysis. He argues the outcome of the case hinges upon the interpretation of Iowa Code § 633.471.

If there had been no bankruptcy, Iowa law would certainly be determinative of whether the Maiers Estate could set off the debt previously owed by the Debtor to Maiers. However, there was a bankruptcy and there was a discharge of that debt before Maiers died. Thus, at the time of the death there was no debt that could be collected. Maiers could not have sued to collect before her death. She could, of course, have changed her will, but she did not do so.

The Defendant argues that change of venue is appropriate because the resolution of a setoff turns squarely on the interpretation of the provisions of Iowa state law. The Court does not agree with the Defendant. Although the probate solely involves Iowa law, the issues before this Court are whether there

is a right of setoff and what the effect of the bankruptcy discharge is in that context. Thus, the questions raised are inextricably questions of bankruptcy law and whether, under the facts presented in this case, a state probate provision can preempt the effect of a discharge or in some other way revive for probate purposes a claim that was discharged. Bankruptcy courts regularly review and apply state law when applicable. Thus, the issues can be adjudicated by the bankruptcy court. *In re Brown*, 521 B.R. 205, 215 (Bankr. S.D. Tex. 2014) (Bankruptcy court found it had jurisdiction to adjudicate claims against a debtor's probate estate); *In re Roen*, 556 B.R. 401 (Bankr. W.D. Wis. 2016) (Bankruptcy court applying state law homestead exemption to determine a debtor's exemption*); Follett Higher Educ. Group, Inc. v. Berman (In re Berman)*, 629 F.3d 761, 767 (7th Cir. 2011) ("[B]ankruptcy law 'depends on, and implements, entitlements defined by state law, but which of these entitlements is subject to discharge or a trustee's avoiding power is beyond state control'").

As described, courts generally defer to a plaintiff's choice of forum as long as it's legally proper. *Jumara*, *supra*, 55 F.3d at 879. The Trustee's place of business is located in the Western District of Wisconsin; Hinzmann filed bankruptcy in the Western District of Wisconsin, and she received her discharge in the Western District of Wisconsin. These factors certainly outweigh transferring the case to another district. Accordingly, the Defendant's Motion for a Change of Venue is denied.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered separately.

Dated: January 9, 2017

BY THE COURT:

Hon. Catherine J. Furay
U.S. Bankruptcy Judge